**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

**CIVIL ACTION NO. 08-459-JBC**
**(Related action: Lexington Civil Action No. 09-362)**

**GMAC MORTGAGE, LLC,**

**PLAINTIFF,**

**V.**                                 **MEMORANDUM OPINION AND ORDER**

**HEATHER BOONE MCKEEVER, ET AL.,**                     **DEFENDANTS.**

**\* \* \* \* \* \* \* \* \* \* \***

This matter is before the court on the motion of third-party defendants,

Mortage Electronic Registration Systems Inc. and Merscorp, Inc. ("MERS

Defendants") to dismiss the third-party complaint. For the reasons below, the court

will grant the motion.

**I.      Background**

This case is the lead case in consolidated actions involving property located

at 3250 Delong Road in Lexington, Kentucky. Deutsche Bank brought this

foreclosure action against Heather McKeever and Shane Haffey, a married couple,

on November 9, 2009. Lexington Civil Action 09-362, R. 1. McKeever filed a

counter-claim and third-party complaint on February 9, 2010, naming Deutsche

Bank; GMAC Mortgage, LLC; Residential Accredit Loans, Inc.("RALI"); Residential

Funding Company, LLC ("RFC"); the Bank of the Bluegrass and several of its

employees individually ("BoB"); and Mortgage Electronic Registration Systems, Inc.,

1

and MERSCORP (collectively referred to as "MERS defendants."). *Id.* at R. 17.

The MERS defendants moved to dismiss the third-party complaint against them on January 14, 2011. Within the time allotted to respond, McKeever filed a notice of dismissal without prejudice, which this court construed as a response. The MERS Defendants filed no reply.

## II.   Analysis

The third-party plaintiffs have failed to state a claim upon which relief can be granted.

### A.   Law of the Case

Several of the claims McKeever makes have already been dismissed in another consolidated action and will therefore be dismissed in this action under the doctrine of "law of the case." Several of the counts fail because a decision has already been made upon a rule of law in one of the consolidated cases. "The law of the case doctrine provides that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Scott v. Churchill*, 377 F.3d 565, 569-570 (6th Cir. 2004)) (internal citation removed). Since the instant case was consolidated, earlier decisions in other consolidated cases are part of the same case. *In re Aetna Cas. & Surety Co.*, 919 F.2d 1136, 1143 (6th Cir.1990) (noting in dicta that a decision on the merits of an issue in consolidated cases "could or might constitute law of the case in all of

them, or involve collateral estoppel, or be highly persuasive as precedent").

In consolidated case LEX 5:08-CV-510, this court ruled that MERS was entitled to a judgment as a matter of law and granted a motion for summary judgment for MERS on a number of the same counts. *Id.* at R. 31. In McKeever's third-party complaint, she makes several claims which are identical to the claims which were dismissed by this court previously. Those claims are:

- Count 1 - Breach of Contract and Rescission
- Count 2 - Violations of the Truth in Lending Act
- Count 3 - Violations of the Home Ownership and Equity Protection Act
- Count 4 - Violations of the Real Estate Settlement Procedures Act
- Count 5 - Defamation of Title
- Count 6 - Violations of the Fair Debt Collection Practices Act and the Fair Credit Reporting Act
- Count 7 - Violations of Kentucky Consumer Protection Act
- Count 8 - Breach of Fiduciary Duty
- Counts 9 through 11 - Fraud
- Count 12 - Conspiracy and Violations of the Racketeer Influenced and Corrupt Organizations Act
- Counts 13 and 17 -  Violations of the Kentucky Financial Services Code

This court dismissed those claims because the plaintiffs failed to establish numerous elements of their claims and the settlement agreement bars claims against MERS arising out of the loan at issue. *See Id.* at R. 31. Because the above claims against MERS have been dismissed as a matter of law, this court is bound by the law of the case.

McKeever states that she has named MERSCORP as a defendant because it is "the owner of MERS." R. 17 at 13.  MERSCORP, as owner of MERS, would fall under the same "successors in interest" clause that this court determined bars the

3

above-mentioned claims against MERS.

McKeever has failed to show that she is entitled to reconsideration under the three exceptions to "law of the case." She has not presented substantially different evidence, shown a subsequent contrary view of the law by a controlling authority or shown the previous decision is clearly erroneous and would work a manifest injustice. *Hanover Ins. Co. v. American Engineering Co.*, 105 F.3d 306, 312 (6th Cir. 1997). Therefore, this court will grant the motion to dismiss on the aforementioned counts.

### B.    Failure to state a claim upon which relief can be granted

McKeever cannot sustain her remaining claims because her pleadings fail to state a claim for relief that is plausible on its face and they do not comply with the pleading requirements of Rule 8 and, where applicable, Rule 9 of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that factual allegations must be enough to raise a right to relief above the speculative level and that the pleading must contain more than a statement of facts that merely creates a suspicion of a cognizable right of action) (citations omitted).

### 1.    Count Fourteen: Violations of the Kentucky Residential Mortgage Fraud Act

McKeever's claim for violations of the Kentucky Residential Mortgage Fraud Act ("Fraud Act"), Ky. Rev. Stat. Ann. § 286.8-990 (2011), fails because she fails

to state a basis for her claim that the MERS Defendants intended to commit fraud. In her third-party complaint, McKeever fails to plead facts to support her claim and her legal conclusions are not entitled to a presumption of truth. Further, McKeever's claim under the Fraud Act fails because she appears to rely on her fraud claims, which this court has denied based on "law of the case." Therefore, since her claim under the Fraud Act is based on her fraud claims, this claim also fails.

### 2. Count Fifteen: Forgery in the second degree

McKeever alleges that MERS committed forgery when "it placed the Mortgage into the records of the Fayette County clerk for which it had no pecuniary right . . . or interest in" and when it "forged an assignment on behalf of the bankrupt American Home Mortgage . . . ." McKeever fails to articulate any facts indicating that the MERS Defendants recorded or possessed the allegedly forged mortgage "with an intent to defraud, deceive or injure another." Ky. Rev. Stat. Ann. § 516.030 (2011); Ky. Rev. Stat. Ann. § 516.060 (2011). A "complaint does not suffice if it tenders 'naked assertions' devoid of 'further factual enchantments.'" *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. V. Twombly*, 550 U.S. 544, 557 (1995)). As the complaint does not contain sufficient factual matter, this court will grant the motion to dismiss.

### 3. Count Sixteen: Criminal possession of forged instrument in the second degree

Count Sixteen does not contain any factual allegations that would give rise

to liability against the MERS Defendants. Therefore this count will be dismissed.

### 4. Count Eighteen: Kentucky Usury Statute

Count Eighteen under the Kentucky Usury Statute is barred by the application of the statute of limitations. Ky. Rev. Stat. Ann. § 360.020 (2011) provides that any action must be commenced "within two years from the time the usurious transaction occurred." The loan at issue was closed in May of 2007. The third-party complaint was filed over two years later, on February 9, 2010.

### 5. Count Nineteen: The Quiet Title Action Precludes the Filing of this Action and the MERS Mortgage and Subsequent Transfer are a Legal Nullity and Based on Fraud.

Count Nineteen fails because McKeever has failed to provide any support for her contention that Lexington Civil Action 08-456 precluded the filing of this action. Moreover, the dismissal of that action renders this argument moot.

### 6. Count Twenty: The October 15, 2008, Rescission of the Mortgage Precludes the Foreclosure and the Filing of the Foreclosure is Based on Fraud and Violates Rule 11.

Count Twenty does not contain any factual allegations that would give rise to liability against the MERS Defendants. Therefore this count will be dismissed.

III.     **Conclusion**

Accordingly

**IT IS ORDERED** that the motion to dismiss (R. 103) is **GRANTED**.

Signed on  May 19, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY