**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON**

CIVIL ACTION NO. 09-362-DLB

**DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee**       **PLAINTIFF**

v.            **MEMORANDUM OPINION AND ORDER**

**HEATHER McKEEVER HAFFEY, et al.**       **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Defendants Heather and Shane Haffey's Motion to Dismiss (Doc. # 124) and Plaintiff Deutsche Bank's Motion for Judgment, Order of Sale, Attorneys' Fees, and Appointment of Master. (Doc. # 125). Plaintiff having submitted a Response to Defendant's Motion to Dismiss (Doc. # 126), and the time for filing of responses and replies under the Local Rules having expired, *See* LR 7.1, the Motions are now ripe for the Court's review. For the reasons set forth below, Plaintiff's Motion is **granted in part** and Defendants' Motion is **denied**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

This action has now been pending before the Court for almost ten years. On November 12, 2009, Plaintiff Deutsche Bank Trust Company Americas ("Deutsche Bank"), as trustee for the 2007 QS-10 Trust, initiated a lawsuit seeking to foreclose on property located at 3250 Delong Road, Lexington, Kentucky 40515, which was jointly owned by Heather and Shane Haffey ("the foreclosure action"). (Doc. # 1). In the Complaint, Deutsche Bank alleged that the Haffeys, who are married, had defaulted on

1

their mortgage, owing a sum of $1,082,278.49. *Id.* The Complaint also named Gentry Mechanical Systems, Inc. ("Gentry"), which "may claim an interest on the Property by virtue of a Mechanics and Materialman's Lien." *Id.* ¶ 19. Deutsche Bank also brought a separate action in this Court for declaratory relief ("the declaratory-judgment action"), seeking a declaration that the loan rescission alleged by the Haffeys is invalid and that the note and mortgage remain effective. *See* No. 5:08-cv-459 (E.D. Ky. 2008). The two actions were consolidated on February 11, 2010.[1] (Doc. # 20).

The Haffeys filed a Counterclaim and Third-Party Complaint on February 9, 2010, naming Deutsche Bank and several other parties. (Doc. # 17). The Haffeys also moved to dismiss the Complaint. (Doc. # 19). The Court denied Defendants' Motion to Dismiss and dismissed the Haffeys' Counterclaim and Third-Party Complaint. (Docs. # 27, 28, and 39). On January 23, 2012, the Court granted summary judgment in favor of Deutsche Bank in the foreclosure action, finding no genuine issue of material fact as to whether Deutsche Bank was entitled to foreclose on the Haffeys' property. (Doc. # 44). In doing so, the court rejected Defendants' arguments that the promissory note was not valid and enforceable and that Deutsche Bank was not a valid holder of the note. *Id.* at 2. The Court also granted summary judgment for Deutsche Bank in the parallel declaratory-judgment action. No. 5:08-cv-459 (E.D. Ky. 2018), ECF No. 135. The Haffeys appealed the Court's grant of declaratory relief but not its grant of summary judgment in favor of Deutsche Bank in the foreclosure action. *See* No. 5:08-cv-459 (E.D. Ky. 2018), ECF No. 164.

---

[1] In addition to the aforementioned foreclosure and declaratory-judgment actions, there are three other related cases that have been filed in the Eastern District of Kentucky. *See* Nos. 5:08-cv-456; 5:08-cv-510; 5:11-cv-188.

Following the Court's grant of summary judgment in the foreclosure case, Deutsche Bank filed a Motion for Judgment, Order of Sale, Appointment of Special Master, and Attorneys' Fees. (Doc. # 47). The Court denied that Motion without prejudice in light of the Haffeys' pending appeal in the declaratory-judgment action. (Doc. # 48). Plaintiff then moved the Sixth Circuit to clarify that the pending appeal did not implicate any of the orders in the foreclosure action. *See* No. 5:08-cv-459 (E.D. Ky. 2018), ECF No. 189 at 3. The Sixth Circuit granted Deutsche Bank's motion and dismissed Defendants' appeal in part "insofar as they seek review of any order entered in [the foreclosure action]." *Id.* at 3. The Sixth Circuit remanded the case back to the district court for further proceedings in the foreclosure action.[2] *Id.*

After the remand, Deutsche Bank filed a Renewed Motion for Order of Sale. (Doc. # 50). However, before that Motion could be decided, Defendants filed a suggestion of bankruptcy, and the Court stayed this matter. (Doc. # 74). The stay was lifted on June 28, 2017 (Doc. # 76), and the Court granted Deutsche Bank's Motion to Reopen the Case. (Doc. # 93).

On August 24, 2018, Plaintiff filed a Motion to Amend its Complaint to add parties with an interest in the property at issue in the foreclosure action. (Doc. # 100). Specifically, Plaintiff named FIA Card Services, N.A. ("FIA"), which had a judgment lien against Shane Haffey, and Gentry Mechanical Systems, Inc., which had a mechanic's lien on the property. *Id.* Plaintiffs also named the Commonwealth of Kentucky and Fayette County, which are the taxing authorities in the jurisdiction where the property is located. *Id.* The Court granted the Plaintiff's Motion to Amend and ordered that the First

---

[2] The Sixth Circuit would eventually affirm the district court's decision in the declaratory-judgment action. *See GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332 (6th Cir. 2016).

Amended Complaint be filed on the Docket. *See* (Docs. # 110 and 111). The record demonstrates that Defendants FIA, the Commonwealth of Kentucky, and Fayette County, were all properly served with the First Amended Complaint. (Docs. # 119, 120, 121, and 122). The Commonwealth of Kentucky and Fayette County answered the First Amended Complaint on June 3, 2019. (Doc. # 117). FIA and Gentry did not file answers.

On July 9, 2019, the Haffeys filed a Motion to Dismiss the First Amended Complaint, arguing that Deutsche Bank lacks the capacity to sue on behalf of the 2007 QS-10 Trust. (Doc. # 124 at 3-5). The Haffeys also contend that Deutsche Bank fails to state a claim for which relief can be granted because the promissory note at issue is unenforceable under Kentucky law. *Id.* at 5-8. In its Response, Plaintiff Deutsche Bank first asserts that Defendants' arguments about Plaintiff's right to foreclose on the property are barred by res judicata. (Doc. # 126 at 4-5). Furthermore, Plaintiff argues that, as holder of the note, it is entitled under Kentucky law to enforce the note and to foreclose on the associated property. *Id.* at 5.

Finally, on July 25, 2019, Deutsche Bank filed a Renewed Motion for Final judgment, Order of Sale, Appointment of Master, and Attorneys' Fees. (Doc. # 125). None of the Defendants have responded to the Motion.[3]

---

[3] The Haffeys have moved for an extension of time to file a reply in support of their Motion to Dismiss and a Response to Plaintiff's Motion for Final Judgment and Order of Sale. (Docs. # 127 and 128). Both Motions will be **denied**. First, Defendants' Motions do not comply with Local Rule 7.1(b), which requires that a party seeking an extension of time state whether other parties consent. Second and more importantly, given the age of this case and the fact that summary judgment was granted over seven years ago, any further delay in the resolution of this case would be undue delay. As such, Defendants have not demonstrated good cause for extending the response and reply deadlines in this case. *See* Fed. R. Civ. P. 6(b); *Ginett v. Fed. Express Corp.*, 166 F.3d 1213, No. 97-5481, 1998 WL 777998, at *5 (6th Cir. Oct. 21, 1998) (unpublished table decision) ("The decision to deny an extension of time to respond to a motion for summary judgment is within the district court's discretion.").

## II. ANALYSIS

### A. Defendants' Motion to Dismiss

Defendants' Motion to Dismiss must be denied. Defendants' argument that Deutsche Bank lacks the capacity to sue is precluded by this Court's earlier Orders and is otherwise meritless. The Court has already found Deutsche Bank to be the current holder of the note and "that Deutsche Bank is entitled to foreclose on the [Haffeys'] property." (Doc. # 44 at 2). The holder of a note is "entitled to enforce the obligations secured thereby." *Stevenson v. Bank of Am.*, 359 S.W.3d 466, 470 (Ky. Ct. App. 2011); *accord* Ky. Rev. Stat. § 355.3-301 (stating that a "'[p]erson entitled to enforce' an instrument" includes "[t]he holder of the instrument"). In addition, contrary to Defendants' assertion, the First Amended Complaint successfully states a claim because it attaches the promissory note signed by Heather Haffey and alleges that "Plaintiff is entitled to enforce a promissory Note made in the original sum of $1,000,000.00 and executed by Defendant Heather M. Haffey." (Docs. # 100-5 and 111). As such, Defendants' Motion to Dismiss is **denied**.

### B. Plaintiff's Motion for Judgment, Order of Sale, Attorneys' Fees, and Appointment of Master

As explained above, the Court previously granted summary judgment for Plaintiff in this matter and issued a separate Judgment. *See* (Docs. # 44 and 45). Now, Plaintiff asks the Court to issue another judgment, which, *inter alia*, specifically orders the sale of the property, awards damages and attorneys' fees, and appoints a master. (Doc. # 125-3 at 2).

Upon a finding of liability for a plaintiff in a foreclosure action, district courts in Kentucky have issued "judgments and orders of sale" in order to specifically set out the

amount and nature of damages. *See, e.g.*, *TD Bank, N.A. v. SNP Sairam Hospitality, LLC*, No. 4:15-cv-66-HBB, 2015 U.S. Dist. LEXIS 126489, at *9, *11 (W.D. Ky. Sept. 22, 2015); *U.S. Bank Nat'l Ass'n v. Georgetown Mobile Estates, LLC*, No. 5:14-170-DCR, 2015 WL 711294, at *2 (E.D. Ky. Feb. 18, 2015). As the Court has found that Plaintiff is entitled to foreclose on the property in question, a separate Judgment with an order of sale is appropriate in this case. In addition, the Court will enter judgment in favor of Deutsche Bank in the amount of $1,844,990.23, which, as demonstrated by the affidavit accompanying Plaintiff's Motion, is the sum of the unpaid balance on the loan, accrued interest, and escrow balance. (Doc. # 125-2).

What remains to be decided is if Plaintiff should be awarded attorneys' fees and whether the Court should appoint a master to manage the foreclosure proceedings. These two issues are addressed in turn.

Plaintiff requests the court award $206,443.36 in expenses, which includes its attorneys' fees incurred in enforcing the note. In the Memorandum supporting its Motion, Deutsche Bank cites to two affidavits from attorneys representing Deutsche Bank in the foreclosure action. (Doc. # 125-3 at 9). The affidavits demonstrate that Deutsche Bank incurred attorneys' fees and costs in the amount of $119,026.17. (Docs. # 47-1 ¶ 7 and 47-2 ¶ 6).

As a rule, attorneys' fees are not recoverable "in the absence of a statute or contract expressly providing therefor." *Cummings v. Covey*, 229 S.W.3d 59, 61 (Ky. Ct. App. 2007) (citing *Dulworth & Burress Tobacco Warehouse Co. v. Burress*, 369 S.W.2d 129 (Ky. 1963)). Kentucky statute provides that fee-shifting provisions "in a writing that create[s] a debt [] or create[s] a lien on real property" are enforceable to the extent those

6

fees are "actually paid or agreed to be paid." Ky. Rev. Stat. § 411.195. Here, the note which Heather Haffey signed states that "the Note Holder will have the right to be paid back by [the debtor] for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees." No. 5:08-cv-459 (E.D. Ky. 2018), ECF No. 114-1 at 20. Furthermore, section 22 of the mortgage signed by both Heather and Shane Haffey states that "Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section . . . including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.* at 15. In light of these contractual provisions, the Court is satisfied that the Haffeys are obligated to pay reasonable attorneys' fees. However, the Court will not award the full $206,443.36 requested, as the evidence Deutsche Bank has submitted establishes that it "actually paid" only $119,026.17. Ky. Rev. Stat. § 411.195; *see* (Docs. # 47-1 ¶ 7 and 47-2 ¶ 6).[4]

Finally, the Court grants Deutsche Bank's request to appoint James H. Frazier III to serve as a master under Federal Rule of Civil Procedure 53. (Doc. # 125-3 at 12). The master will perform the functions that would normally be performed by the Master Commissioner if this action had been filed in Kentucky state court. *See* Ky. Rev. Stat. § 31A.010; *Travelers Ins. Co. v. Corporex Props., Inc.*, 798 F. Supp. 423, 429 (E.D. Ky. 1991).

---

[4] Deutsche Bank may move for the award of additional fees, providing that it can sufficiently demonstrate that it in fact incurred those fees.

III.     **CONCLUSION**

Accordingly, **IT IS ORDERED** as follows:

(1) Defendants' Joint Motions for Extension of Time (Docs. # 127 and 128) are **denied**;

(2) Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 124) is **denied**;

(3) Plaintiff's Renewed Motion for Final Judgment, Order of Sale, Attorneys' Fees, and Appointment of Master (Doc. # 125) is **granted in part**;

(4) A separate Judgment and Order of Sale shall be entered contemporaneously herewith.

This 20th day of August, 2019.

Signed By:
David L. Bunning
United States District Judge

J:\DATA\ORDERS\Lexington\2009\09-362 MOO Granting 125 and Denying 124.docx