UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 09-362-DLB

**DEUTSCHE BANK
TRUST COMPANY AMERICAS**
*as Trustee for the 2007 QS-10 Trust*                                       **PLAINTIFF**


v.                      **MEMORANDUM OPINION AND ORDER**


**HEATHER MCKEEVER HAFFEY** and
**SHANE HAFFEY**                                                            **DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

I.     **INTRODUCTION**

This matter is before the Court on Plaintiff's Notice of Relief from Bankruptcy Stay and Motion to Reschedule the Foreclosure Sale (Doc. # 135), and Defendants' Motion for Reconsideration.  (Doc. # 138).  Defendants have filed a Response to Plaintiff's Notice and Motion (Doc. # 137), the time for filing a Reply has passed, and so that Notice and Motion are ripe for review.  Defendants' Motion for Reconsideration (Doc. # 138) has been fully briefed (Docs. # 141 and 143), and is thus also ripe for review.  A Motion for Extension of Time filed by Defendants also remains pending on the docket.  (Doc. # 142).

For the reasons stated herein, Plaintiffs' Motion to Reschedule the Foreclosure Sale (Doc. # 135) is **granted**, Defendants' Motion for Reconsideration (Doc. # 138) is **denied with prejudice**, Defendants' Motion for Extension of Time is **denied as moot,** and the previous Judgment entered in this matter (Doc. # 130) is **affirmed**.

1

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Heather McKeever Haffey and Shane Haffey obtained a $1 million loan from Bank of the Bluegrass, as evidenced by a promissory note in the bank's favor. (Doc. # 1 at 3). The promissory note was secured by a mortgage, executed by the Haffeys against the Delong Road property. (*Id.*). Thereafter, through a series of endorsements and assignments, the mortgage was eventually endorsed by Deutsche Bank Trust Company Americas ("Deutsche Bank"), as trustee of a series of mortgage-backed securities known as the 2007 QS-10 Trust. (*See* Doc. # 141 at 2).

For the past 15 years, the Haffeys' mortgage has been at the center of a series of legal disputes that have continued to this day, across more than five different cases in this Court alone, a bankruptcy in Kentucky, a bankruptcy in Florida, a bankruptcy appeal in Florida, several appeals to the Sixth Circuit, and a denial of certiorari to the United States Supreme Court.[1]

The story begins in October 2008, when Heather McKeever Haffey sent GMAC (the loan's servicer) a recission letter, stating that under the Truth in Lending Act, the

---

[1]   *See, e.g.*, *Haffey v. Deutsche Bank Co. Ams.*, No. 21-CV-323-MMH, (M.D. Fla. June 16, 2021) (consolidated actions omitted); *In re Haffey*, No. 3:19-BK-3711-JAB, (Bankr. M.D. Fla. Sept. 30, 2019); *McKeever v. Mortg. Elec. Registration Sys., Inc.*, 651 F. App'x 329 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 655 (U.S. Jan. 9, 2017) (No. 16-591); *GMAC Mortg., LLC v. McKeever*, 651 F. App'x 332 (6th Cir. 2016), *cert. denied*, 137 S. Ct. 655 (U.S. Jan. 9, 2017) (No. 16-591); *Haffey v. Crocker* (*In re Haffey*), 576 B.R. 540 (B.A.P. 6th Cir. 2017); *In re Haffey*, No. 15-8005, (B.A.P. 6th Cir. Feb. 16, 2015); *In re Haffey d/b/a Sandlin Farms*, No. 14-50824-GRS, (Bankr. E.D. Ky. Apr. 2, 2014) (internal adversary actions omitted); *Haffey v. Gentry Mech. Sys., Inc.*, No. 5:11-CV-188-DLB, (E.D. Ky. June 3, 2011); *McKeever v. Mortg. Elec. Registration Sys., Inc.*, No. 10-5999, (6th Cir. Aug. 12, 2010); *Haffey v. Allen*, No. 5:09-CV-255-DLB, (E.D. Ky. July 27, 2009); *Haffey v. Mortg. Elec. Registration Sys., Inc.*, No. 5:08-CV-510-DLB, (E.D. Ky. Dec. 15, 2008); *GMAC Mortg. Inc. v. McKeever*, No. 5:08:CV-459-DLB-REW, (E.D. Ky. Nov. 7, 2008); *McKeever v. Mortg. Elec. Registration Sys., Inc.*, No. 5:08-CV-456-DLB-JBT, (E.D. Ky. Nov. 7, 2008).

promissory note and mortgage were invalid and legally void.[2]  *See GMAC Mortg., LLC v. McKeever et al.*, No. 5:08-CV-459-DLB-REW (E.D. Ky. Nov. 7, 2008), ECF No. 1-1. According to Mrs. Haffey, the mortgage was invalid due to her name being recorded as "Heather Haffey" on the mortgage documents, while her legal name was "Heather McKeever."  *Id.*  The Haffeys later filed multiple suits against Bank of the Bluegrass, GMAC, and other banks and servicers, alleging that the mortgage was legally void for many reasons, in addition to the name-related issue previously mentioned.[3]  Around the same time, GMAC (on behalf of Deutsche Bank) also filed suit against the Haffeys, seeking a declaratory judgment that the mortgage was valid and enforceable.  *See GMAC Mortg., LLC*, No. 5:08-CV-459.  The Bankruptcy Appellate Panel for the Sixth Circuit summed up the saga well in 2017, stating that the Haffeys "have filed several lawsuits over the years in an attempt to invalidate the mortgage of Deutsche Bank against the property.  All attempts have failed."  *Haffey v. Crocker* (*In re Haffey*), 576 B.R. 540, 543 (B.A.P. 6th Cir. 2017).

The case now before this Court was filed in 2009 by Deutsche Bank, seeking to foreclose on the Delong Road property.  (*See* Doc. # 1).  In the Complaint, Deutsche Bank alleged that the Haffeys had defaulted on their mortgage, owing an accelerated sum of $1,082,278.49.  (*Id.*).  In early 2010, GMAC and Deutsche's declaratory judgment action was consolidated into this case.  (Doc. # 20).  The Court granted summary judgment in favor of Deutsche Bank in both actions in 2012, finding that no genuine issue

---

[2]   At this point in time, GMAC was the loan's servicer, but even in the 2008 declaratory judgment action, GMAC filed the suit on behalf of Deutsche Bank, which had endorsed the mortgage.  *See GMAC Mortg. LLC*, No. 5-08-CV-459-DLB-REW, ECF No. 1.

[3]   *See supra* note 1.

3

of material fact existed (1) with respect to whether Deutsche Bank was entitled to foreclose on the property; and (2) with respect to the validity of the promissory note and Deutsche Bank's holding of the promissory note. (Doc. # 44). After two years of appellate actions and various motion practice in this Court, the Haffeys filed bankruptcy in the Eastern District of Kentucky in April 2014, and the Court stayed the case pursuant to the bankruptcy's automatic stay. (Docs. # 71 and 74).

The Kentucky bankruptcy court dismissed the bankruptcy due to a lack of prosecution, and that decision was upheld on appeal by the Bankruptcy Appellate Panel for the Sixth Circuit. See Haffey v. Crocker (In re Haffey), 576 B.R. 540 (B.A.P. 6th Cir. 2017). After hearing an oral argument, this Court then reopened the case and lifted the previously imposed stay. (Doc. # 93). Then, Deutsche Bank moved to amend the Complaint, adding parties that had an interest in the property by way of various liens against it. (Doc. # 100). The Court granted Deutsche Bank's Motion to Amend, and the bank filed an Amended Complaint in February 2019. (Docs. # 110 and 111). In July 2019, Deutsche Bank filed a Motion for Judgment as a Matter of Law and a Renewed Motion for an Order of Sale (Doc. # 125), and the Court granted those motions in August 2019, entering a second Judgment in favor of Deutsche Bank seven years after the initial Judgment. (Docs. # 129 and 130). But one month later, in September 2019, the Haffeys filed a second bankruptcy in Florida, and Deutsche Bank cancelled its sale of the property. (Docs. # 133 and 134).[4]

---

[4]  Remarkably, the Haffeys admitted in a filing to the Florida bankruptcy court that this Court's Judgment "provoke[d] the filing" of the Florida bankruptcy. In re Haffey, No. 3:19-BK-3711-JAB (Bankr. M.D. Fla. April 16, 2021), ECF No. 182 at 20.

4

The case sat dormant for two years while the Florida bankruptcy proceeded, until September 2021, when Deutsche Bank filed a Notice that the bankruptcy court in Florida had granted the bank relief from the bankruptcy stay. (Doc. # 135). Deutsche Bank accordingly moved to re-schedule the foreclosure sale, in enforcement of the previous Judgment entered in its favor by this Court. (*Id.*). The Haffeys almost immediately filed a Motion for Reconsideration (Doc. # 138), in addition to an appeal to the Sixth Circuit of nearly all the Court's previous decisions in this case. (Doc. # 139).[5] The Sixth Circuit is currently holding the case in abeyance while this Court addresses the pending motions in the case. (Doc. # 140). Lastly, the Haffeys have filed a Judicial Notice in further support of their positions. (Doc. # 144).

III.   **ANALYSIS**

   A.   **Deutsche Bank's Notice of Relief and Motion for Order Directing the Master to Reschedule the Foreclosure Sale (Doc. # 135)**

On September 13, 2021, Deutsche Bank filed a Notice of Relief from the Bankruptcy Stay imposed by the bankruptcy court in Florida, along with a contemporaneous Motion to Reschedule the Foreclosure Sale. (Doc. # 135). The Haffeys responded in objection to the Motion to Reschedule, asserting (1) that the bankruptcy court's order is not effective; (2) that this case is still held in abeyance; and (3) that this Court has no jurisdiction to order a rescheduled foreclosure sale. (Doc. #

---

[5]   The filings could be expected, as in the same Florida bankruptcy filing cited in Note 4, the Haffeys wrote in a letter to Plaintiff's counsel regarding this case that "[a] Motion to Vacate the Order of Sale and/or the Appeal to the Sixth Circuit were next on the agenda when the current Chapter 12 petition were filed." *Supra* note 4. The Haffeys' "agenda," they wrote, "will result in the creation [of] attorney's fees . . . in the 30-50k range" for Plaintiff. *Id.* at 21.

Also noteworthy is that the letter was signed "Shane Haffey and Heather Haffey" – a name that Mrs. Haffey has declared in a sworn affidavit is not her "legally registered name." *Id.*; (Doc. # 138-3).

5

137).  Deutsche Bank did not file a Reply, but in January 2022, the Haffeys filed a Judicial Notice, restating the same points argued in their Response.  (Doc. # 144).  For the reasons stated herein, Deutsche Bank's Motion to Reschedule the Foreclosure Sale is **granted**.

### 1. The Florida Bankruptcy Court's Lifting of the Automatic Stay and the Chapter 12 Plan Remain In Effect

In April 2021, the United States Bankruptcy Court for the Middle District of Florida granted Deutsche Bank relief from the automatic stay previously imposed by the filing of Mr. Haffey's bankruptcy petition.  (Doc. # 135-1);  *see also In re Haffey*, No. 3:19-BK-3711-JAB (Bankr. M.D. Fla. April 16, 2021), ECF No. 154.  In the bankruptcy court's order, the judge stated that the Haffeys had undertaken a "scheme to delay, hinder, and/or defraud" Deutsche Bank from enforcing its valid lien on the Delong Road property.  (*Id.*). In lifting the stay, the bankruptcy court authorized Deutsche Bank to pursue enforcement of any and all *in rem* judgments against the property – which includes the Judgment entered by this Court.  (*See id.*).

The Haffeys filed a Motion for Reconsideration in the bankruptcy court with respect to the order lifting the automatic stay.  *In re Haffey*, ECF No. 157.  That Motion for Reconsideration was denied.  *Id.* at ECF No. 180.  The Haffeys then filed a Notice of Appeal to the United States District Court for the Middle District of Florida.  *Id.* at ECF No. 184.  However, to keep the bankruptcy court (and creditors like Deutsche Bank) from moving forward while an appeal is sought, the Federal Rules of Bankruptcy Procedure provide that a debtor must obtain a Stay Pending Appeal.  *See* Fed. R. Bankr. P. 8007.  Otherwise, the court's orders stay in effect and the case moves on while the appeal is pending.  *See id.*  According to Rule 8007, a debtor must first move in the bankruptcy

6

court for a Stay Pending Appeal. *Id.* at 8007(a)(1). The Haffeys made such a motion, *In re Haffey*, ECF No. 192, and the bankruptcy court denied it. *Id.* at ECF No. 207. Then, the Haffeys again moved for reconsideration, but of the order on the Stay Pending Appeal. *Id.* at ECF No. 213. The bankruptcy court declined to reconsider its order denying a Stay Pending Appeal. *Id.* at ECF No. 219.

However, Rule 8007 also provides that a debtor can obtain a Stay Pending Appeal from the district court, if the bankruptcy court denies the motion, as the bankruptcy court did here. *See* Fed. R. Bankr. P. 8007(b). In September 2021, the Haffeys consequently filed a Motion for a Stay Pending Appeal in the United States District Court for the Middle District of Florida. (Doc. # 137-1); *see also Haffey v. Deutsche Bank Co. Ams.*, No. 5:21-CV-324 (M.D. Fla. Sept. 29, 2021), ECF No. 23.

In filings before this Court, the Haffeys have remarked that their motion in the Florida district court is "unopposed" and that the automatic stay will remain in place "[w]hen the Middle District of Florida grants the stay [pending appeal][.]" (Doc. # 144 at 3). However, the motion is not unopposed. Deutsche Bank filed a Response in opposition to the Stay Pending Appeal in October 2021. *See Haffey v. Deutsche Bank Co. Ams.*, No. 5:21-CV-323 (M.D. Fla. Oct. 29, 2021), ECF No. 14. The Haffeys' misrepresentation of the Florida court record is thus unavailing, and in addition to locating Deutsche Bank's response upon examining the Florida docket, the Court has also become aware that the Haffeys' motion has not been granted.

A pending motion cannot and does not function as a stay on the bankruptcy court's order or plan, as "the mere filing of an appeal does not operate as a stay[] unless and until a court issues a stay order[.]" *In re Player Wire Wheels, Ltd.*, 428 B.R. 767, 770

7

(Bankr. N.D. Ohio 2010).[6] In other words, the Haffeys have not obtained a Stay Pending Appeal. In the absence of a Stay Pending Appeal, the bankruptcy court's order lifting the automatic stay remained in effect, and the bankruptcy proceeded as scheduled. In fact, the bankruptcy court confirmed the Chapter 12 Plan in October 2021, writing that Deutsche Bank was "removed from the plan accordingly" due to the bankruptcy court's lifting of the automatic stay. *In re Haffey*, ECF No. 233. Thus, at this time, with a confirmed Chapter 12 Plan in place and no Stay Pending Appeal, Deutsche Bank remains unaffected and free to enforce this Court's Judgment entered in its favor. *See, e.g.*, *In re Timco, LLC*, 511 F. App'x 513, 515-16 (6th Cir. 2013); *Conway v. Nusbaum*, 109 F. App'x 44, 45 (6th Cir. 2004).

Additionally, the Court notes that it has no reason to believe that the Florida district court would have overturned the bankruptcy court's decision to deny a Stay Pending Appeal. In the Eleventh Circuit, by which Florida district courts are bound, "[t]he decision whether to grant a stay pending appeal is left to the sound discretion of the bankruptcy court, and a district court sitting in an appellate capacity reviews the decision for an abuse of discretion." *Epic Aviation, LLC v. Phillips* (*In re Phillips*), 483 B.R. 254, 257 (M.D. Fla. 2012) (citing *In re Colony Square Co.*, 788 F.2d 739, 741 (11th Cir. 1986)). The Florida

---

[6] *See also City of Holland v. Fed. Ins. Co.*, No. 1-13-CV-1097, 2014 WL 2557124, at *2 (W.D. Mich. June 6, 2014) ("It is clear that the filing of a motion for stay 'does not excuse the moving party from fully complying with the order appealed from until a court grants a stay and relieves the party of its obligation to comply with the challenged order.'" (quoting *Am. Rock Salt Co., LLC v. Norfolk S. Corp.*, 371 F. Supp. 2d 358, 360 (W.D. N.Y. 2005)); *In re Combined Metals Reduction Co.*, 558 F.2d 179, 189 (9th Cir. 1977) ("It is settled law that the filing of a petition to review an order of a bankruptcy judge does not stay the effect or operation of the order unless a supersedeas bond is filed or the order itself provides for a stay.") (internal quotations omitted); *Consequences of Not Obtaining a Stay*, 10 Collier on Bankr. ¶ 8007.02 (16th ed. 2021) ("Thus, if the court has granted relief from the stay to a secured creditor, the creditor will be free to proceed with foreclosure or repossession [in the absence of a stay pending appeal].").

8

bankruptcy court not only considered the Haffeys' objections to the lifting of the automatic stay, but it also considered their objections in seeking a Stay Pending Appeal, and it declined reconsideration on both issues – all while noting bad faith on the Haffeys' part. Thus, even if the Florida district court had ruled on the Stay Pending Appeal, it seems highly likely that it would have denied the motion, which bolsters the Court's reasoning in approving the rescheduled foreclosure sale.

### 2.     *The Case Is Not Held In Abeyance*

Next, in response to Deutsche Bank's Notice of Relief from the Bankruptcy Stay, the Haffeys have posited that the bank cannot "place the case back on the Court's active docket in the way of a Notice[]" and that this Court lacks jurisdiction due to language contained in the Florida bankruptcy court's confirmed plan. (Doc. # 137). Both arguments are without merit.

Put simply, the case is not held in abeyance, and a simple review of the docket makes that clear. In October 2017, the Court reinstated this matter to the active docket and lifted the stay previously entered upon the filing of the Kentucky bankruptcy. (Doc. # 93). The Court entered Judgment in August 2019. (Doc. # 130). Deutsche Bank filed a Suggestion of Bankruptcy in September 2019 (Doc. # 133), after the filing of the Florida bankruptcy. The bank accordingly withdrew its foreclosure sale in October 2019 (Doc. # 134), and no filings were made on this case again for almost two years. The Court never placed the case in abeyance or removed it from the active docket.

Furthermore, by nature, a bankruptcy's automatic stay is truly automatic – it requires no court order to take effect, and it functions not against the court, but against the creditor from taking action in the court. *See* 11 U.S.C § 362, *et seq*. The automatic

stay, in short, did not place the case in abeyance, and the case has remained on the Court's active docket following the Order Reopening the Case entered at Doc. # 93.

### 3. This Court Retains Jurisdiction

With respect to the jurisdictional issue, the Haffeys have posited that "[u]nder the Rules of the Middle District of Florida and the Eleventh Circuit, this Court currently lacks jurisdiction to schedule the foreclosure sale[.]" (Doc. # 137). Even though the Haffeys have not identified which rules have divested the Court of its jurisdiction, the Court notes that it is not bound by the Rules of the Middle District of Florida, nor is it affected by cases in the Eleventh Circuit.

In the Sixth Circuit, "confirmation of a bankruptcy plan does not divest a district court of related-to jurisdiction over pre-confirmation claims." *Bavelis v. Doukas*, 835 F. App'x 798, 805 (6th Cir. 2020).[7] To the extent that the Haffeys argue that the Florida bankruptcy court's Plan reserves jurisdiction over this case (Doc. # 144 at 2), the Court also finds that argument unpersuasive. While the bankruptcy Plan does say that "this court shall retain jurisdiction," at the beginning of the sentence which contains those words is another clause, which clearly functions as a condition precedent: "[s]hould the District Court or the Eleventh Circuit Court of Appeals overturn the Order and/or remand the case[.]" *In re Haffey*, ECF No. 233. At the time of this Order's filing, the bankruptcy court's Order for Relief of Stay has been neither overturned nor remanded, and more

---

[7] *See also Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 283 (6th Cir. 1986) ("Once the bankruptcy court dissolved the automatic stay . . . the district court was free to proceed with all phases of the litigation properly before it, including a disposition by trial or settlement. In sum, the district court possessed continuing jurisdiction that supported its enforcement of the settlement of the case properly pending before it.").

10

importantly, because a bankruptcy court cannot divest this Court of its jurisdiction, this Court's jurisdiction remains intact.

Lastly, the Court would like to briefly address the thinly veiled threats that the Haffeys have made against Deutsche Bank's counsel in recent filings. In their initial Response to the Notice of Relief from the Bankruptcy Stay, the Haffeys have admonished opposing counsel for violating an alleged fiduciary duty against "NEW REZ," an entity in which the Haffeys are apparently shareholders, but which is not a party to this action. (Doc. # 137 at 2 and 3). "It is unlikely that the claim against Millsap and Singer LLC or its individual employees will be covered by errors and omissions insurance," the Haffeys have written, alluding to a potential future claim that they may bring against Plaintiff's counsel and pointing out that the lawyers could be held personally liable for the alleged violation of some fiduciary duty. (*Id.* at 3). The same threat is referenced again in their Motion for Reconsideration (Doc. # 138 at 8 and 9), and in their Judicial Notice. (Doc. # 144 at 2). It is also discussed extensively in their Reply in support of the Motion for Reconsideration, in which they scold Plaintiff's counsel by name and write (albeit in footnote form) that "Plaintiff and Plaintiff's counsel will be liable for treble and punitive damages," again threatening a lawsuit against them in their personal capacities. (Doc. # 143 at 2 n.2). To put it mildly, the usage of court filings to make threats runs afoul of the Kentucky Rules of Professional Conduct and will not be endured in future filings before this Court.

### B.  The Haffeys' Motion for Reconsideration (Doc. # 138)

Additionally, the Haffeys have filed a "Motion for Reconsideration Pursuant to Rule 59 and Rule 60" (Doc. # 138), in which they seek reconsideration of the Court's entry of

11

Judgment in favor of Deutsche Bank. (Doc. # 130). In the Motion, they state that they are not asking the Court to "have a second go at its unique interpretation of Kentucky property [law] and the Rules of Civil Procedure and regularly accepted procedure," and that instead, there are new issues that have come up since the case was stayed in 2019. (Doc. # 138 at 2). However, any purported "new issues" are moot, as the Motion is time barred, and is thus **denied**.

### 1. *Standard of Review*

The Haffeys' Motion is titled as being brought under Rule 59 and Rule 60, but only Rule 60 is applicable. Rule 59(e) states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R . Civ. P. 59(e). The Judgment in question was entered on August 20, 2019. (Doc. # 130). the Haffeys' Motion for Reconsideration in October 2021, well beyond 28 days after August 2019. (*See* Doc. # 138). Thus, Rule 59(e) does not provide a proper avenue for reconsideration, which leaves Rule 60. Rule 60 provides that a trial court may grant relief from a motion for one of six reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;
(2)  newly discovered evidence that could not have been discovered in time to move for a new trial under Rule 59(b);
(3)  fraud, misrepresentation, or misconduct by an opposing party
(4)  the judgment is void;
(5)  the judgment has been satisfied, released, discharged, or otherwise reversed or vacated; or
(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, Rule 60(c)(1) also provides that any motion under Rule 60(b) must be made within a reasonable time, and if brought under reasons one,

two, or three, no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1). At the outset, the Court notes that the Haffeys have not stated which provisions of Rule 60(b) they hope to invoke by their Motion, which is a "prerequisite to relief" according to the Sixth Circuit. *Johnson v. Dellatifa*, 357 F.3d 539, 543 (6th Cir. 2004) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.") (internal quotations omitted).

Notwithstanding the prerequisite deficiency, the Court has construed each of the Haffeys' arguments for Rule 60 relief to fall into one of the first three subsections of Rule 60(b), for the reasons set forth below.[8] The Motion is thus time barred and must be denied.

### 2. Analysis

The Haffeys have raised four issues in their Motion for Reconsideration: (1) that this Court lacks jurisdiction due to the lack of a promissory note; (2) that the affidavits attached to Deutsche Bank's Motion for Judgment violate the Rules of Evidence; (3) that contradictory documents raise questions of fraud; and (4) that the Haffeys did not execute a mortgage or promissory note.

First, the Haffeys attempt to suggest that the Florida bankruptcy court has established "law of the case" that no promissory note exists. (Doc. # 138 at 4). They have provided a Claim Form from the bankruptcy, in which Deutsche Bank states that it could not produce a copy of the promissory note in question (Doc. # 138-1), which they

---

[8] *Cf. Johnson*, 357 F.3d at 543 (noting that the district court construed a motion "not explicitly based upon any particular subsection of Rule 60(b)" to be based on one subsection that the court believed to be implicated).

13

purport to be a smoking gun that proves the mortgage in question to be void. (Doc. # 138 at 4). The Claim Form was produced during the Florida bankruptcy and Deutsche Bank filed it on December 9, 2019. (Doc. #138-1). Because the Haffeys now seek to use the Claim Form against the Judgment entered by this Court, the argument can be construed to invoke Rule 60(b)(2), which deals with "new evidence that could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). Rule 59(b)'s time limitation is 28 days, which passed with respect to the Judgment here on September 17, 2019. Because the Claim Form was not filed until December 2019, Rule 59(b) would not have been available to the Haffeys. (Doc. # 138-1). Thus, Rule 60(b)(2) is appropriate, which invokes Rule 60(c)(1)'s time limitation. Under that limitation, the Haffeys' time for using new evidence to attack the Judgment expired on August 17, 2020. *See* Fed. R. Civ. P. 60(c)(1); (Doc. # 130).

For their second and fourth arguments, the Haffeys seek to relitigate the Court's decision to grant Judgment as a Matter of Law to Deutsche Bank (Doc. # 129), positing that the exhibits attached to the bank's Motion for Judgment violated the Rules of Evidence, and that they never executed a promissory note or mortgage. (Doc. # 138 at 4 and 7). Both arguments posit that the Court made mistakes in ruling on the Motion for Judgment, which invokes Rule 60(b)(1). Furthermore, both claims rest on the assertion that "[t]here is no promissory note and no underlying debt." (Doc. # 138 at 4 and 7). The Haffeys themselves concede that this point has been litigated *ad nauseam* (*id.* at 7), and the Court agrees. As the Court previously stated more than two years ago when it entered Judgment in favor of Deutsche Bank, "[t]he Court has already found Deutsche Bank to be the current holder of the note, and 'that Deutsche Bank is entitled to foreclose on the

14

property.'" (Doc. # 129 at 5 (quoting Doc. # 44 at 2)). Defendants persist to insist that this Court is mistaken, but the time for raising that argument has passed, as Rule 60(b)(1) motions based on mistake are time barred by Rule 60(c)(1), which requires filing within one year of the entry of Judgment.

Additionally, the Haffeys argue that contradictory documents filed in this Court and in the Florida bankruptcy court suggest fraud by Deutsche Bank. (Doc. # 138 at 5). An argument for reconsideration based on accusations of fraud clearly invokes Rule 60(b)(3), which accounts for "fraud, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Like the other arguments, the time for raising accusations of fraud passed on August 20, 2020, as Rule 60(b)(3) is subject to the time limitation in Rule 60(c)(1).

Lastly, the Court also notes that Rule 60(b)(6), which is not subject to the time limitation contained in Rule 60(c)(1), is not applicable. Rule 60(b)(6) allows for reconsideration for "any other reason that justifies relief," and the Sixth Circuit has clearly stated that the sixth subsection is "mutually exclusive" from the other subsections of Rule 60(b). *Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990). Because of that exclusivity, Rule 60(b)(6) is only available in "exceptional or extraordinary circumstances which are *not addressed by the first five numbered clauses of the Rule*." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (emphasis added). Because each of the Haffeys' arguments fit into the first three subsections of Rule 60(b), as previously explained, Rule 60(b)(6) cannot and does not apply.

Having construed the arguments in the Motion to fall squarely within the first three subsections of Rule 60(b), the Motion is thus subject to the time limitation set forth in Rule

60(c)(1).  In relevant part, that Rule states that "[a] motion under Rule 60(b) must be made within a reasonable time – *and for reasons (1), (2), and (3) no more than a year after the entry of the judgment*[.]"  Fed. R. Civ. P. 60(c)(1) (emphasis added).  The Court entered the Judgment in question on August 20, 2019.  (Doc. # 130).  The one-year time limitation from Rule 60(c)(1) accordingly passed on August 20, 2020.  The instant Motion was filed on October 6, 2021, more than two years after the entry of Judgment and more than one year after the last day to file such motions.  (Doc. # 138).  Accordingly, for the reasons set forth below, the Motion for Reconsideration (Doc. # 138) is time barred and must be **denied**.

IV.    **CONCLUSION**

Shane Haffey and Heather McKeever Haffey have written many times that they only "seek their day in court."  (*E.g.*, Doc. # 143 at 8).  The Haffeys have spent almost 15 years' worth of days in court trying to avoid foreclosure on the property located at 3250 Delong Road.  Their arguments have been heard and considered extensively.  All those days in court later, the rubber is meeting the road.

Accordingly, **IT IS ORDERED** that:

(1)    Deutsche Bank's Motion to Reschedule the Foreclosure Sale (Doc. # 135) is **GRANTED,** and the foreclosure sale shall proceed in accordance with the previously entered Judgment (Doc. #130);

(2)    The Haffeys' Motion for Reconsideration (Doc. # 138) is **DENIED WITH PREJUDICE**;

(3)    The Haffeys' Motion for Extension of Time (Doc. # 142) is **DENIED AS MOOT;**

(4)     The Judgment previously entered by this Court (Doc. # 130) is **AFFIRMED**; and

(5)     A copy of this Order shall be forwarded to the Sixth Circuit Court of Appeals.

This 1st day of March, 2022.

Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\Lexington\2009\09-362 Order re DE 138.docx